■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS TOCCO, Appellant. [704 NYS2d 810] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered on or about June 26, 1997, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Nardelli, J. P., Tom, Lerner, Rubin and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY GASTON, Appellant. [704 NYS2d 559] —Judgment, Supreme Court, New York County (Edward McLaughlin, J., at hearing; Renee White, J., at plea and sentence), rendered March 17, 1998, as amended by judgment of resentence, same court (Renee White, J.), rendered August 18, 1998, convicting defendant of attempted burglary in the second degree and attempted sexual abuse in the first degree, and sentencing him to concurrent terms of 1½ to 3 years and 1 to 3 years, respectively, unanimously affirmed.

The hearing court properly denied defendant's motion to suppress identification evidence. We find nothing suggestive about either the photographic or lineup identifications (*see, People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833). Since the complainant never described the attire or hairstyle of the perpetrator, any differences in those respects between defendant's appearance and that of the other participants did not render the procedures suggestive (*People v Gonzalez*, 173 AD2d 48, 56). We have considered and rejected defendant's remaining arguments. Concur—Nardelli, J. P., Tom, Lerner, Rubin and Friedman, JJ.